UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **FINGER OIL & GAS, INC.** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 5:20-cv-00712 | |
| § | | |
| **MID-CONTINENT CASUALTY** § | | |
| **COMPANY, MARSH USA, INC., AND** § | | |
| **KAREN OLIVIA** § | | |
| **Defendants** § | | |

### DEFENDANT MID-CONTINENT CASUALTY COMPANY'S NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), Defendant Mid-Continent Casualty Company ("Mid-Continent" or "Defendant") files this Notice of Removal and respectfully shows that diversity subject-matter jurisdiction exists and removal is timely.

### I. Background Facts

This is an insurance claim concerning whether or not a liability insurance policy provides coverage for damage to property owned by the insured. Plaintiff Finger Oil & Gas, Inc. ("Finger Oil") alleges that on or about July 11, 2019, a plugged well blew out. It contacted its commercial lines manager who allegedly represented that there was coverage under a commercial general liability policy issued by Finger Oil by Mid-Continent. *See* Exhibit 2.a., p. 3. On August 23, 2019, Mid-Continent issued a reservation of rights letter, and ultimately denied the claim and issued the disclaimer letter on December 2, 2019. *Id*. Finger Oil disputes Mid-Continent's findings and asserts that expenses related to the well are covered damages. *See* Exhibit 2.b.

**II.     Removal is Timely**

On April 30, 2020, Plaintiff filed its Original Petition in state court in the case styled *Finger Oil & Gas, Inc., v. Mid-Continent Casualty Company, Marsh USA, Inc., and Karen Olivia*, Cause No. 2020CI07992 in the 45th Judicial District Court of Bexar County, Texas. *See* Exhibit 2.a.  Defendant was not properly served until May 19, 2020, although return of service has yet to be filed. *See* Exhibit 1.

Defendant files this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b).  Accordingly, this Notice of Removal is timely.

**III.    Diversity of Citizenship**

Removal is proper under 28 U.S.C. § 1332(a)(1) because there is currently a complete diversity of citizenship over Plaintiff's claim.

Upon information and belief, Plaintiff Finger Oil & Gas, Inc. is a corporation organized and existing under the laws of the State of Texas.  *See* Exhibit 2.a., p. 2.  Plaintiff is not a citizen of Oklahoma, New York, or Delaware.

Mid-Continent is an insurance company organized and existing under the laws of the State of Ohio and having its principal place of business in the State of Oklahoma. Defendant is not a citizen of Texas, New York, or Delaware.

Upon information and belief, Marsh USA, Inc. ("Marsh"), is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in the State of New York.  Marsh is not a citizen of Texas or Oklahoma.

Upon information and belief, Defendant Karen Olivia is a citizen of the State of Texas and has been improperly joined as a defendant in order to defeat diversity jurisdiction.  For reasons discussed below, Plaintiff has no possibility of recovery against Olivia and must be

dismissed from the case. Therefore, her Texas citizenship should be disregarded for the purposes of evaluating diversity in this matter.

Based on the foregoing, the parties are completely diverse within the meaning of 28 U.S.C. §1332.

## IV.    Improper/Fraudulent Joinder

Plaintiff's claims against Karen Olivia are improper and only used as an attempt to defeat diversity jurisdiction in this Court. Plaintiff has no valid, independent claim against Karen Olivia under Texas law and as such, the Court should disregard Karen Olivia as a non-diverse defendant.

### A.    Standard of Review

12.    The removing party bears the burden of demonstrating improper joinder. *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis,* 326 F.3d at 646-47). Under the later method, the court determines whether the plaintiff has *"any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This *possibility, however, must be reasonable,* not merely theoretical." *Travis,* 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F. 3d 305, 312 (5th Cir. 2002)) (emphasis in original) (quotations omitted).

13.    A court may resolve this latter issue of whether there is a reasonable possibility of recovery in one of two ways. *Solis, et al v. Wal-Mart Stores East, LP,* 2008 U.S. Dist. LEXIS 92641 (S.D. Tex. Nov. 14, 2008) (citing *Smith v. Petsmart Inc.,* No. 06-60497, 278 FED. APP'X

377, 379 (5th Cir. May 15, 2008). The court may conduct at Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Smallwood,* 385 F.3d at 573. "A complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Jamarillo v. City of McAllen, Texas*, 306 Fed. App'x 140, 143 (5th Cir. 2009).

      B.      **Plaintiff's Claims Against Olivia**

Plaintiff asserts that all defendants, including Ms. Olivia, misrepresented the benefits or advantages on the Mid-Continent policy, tracking the language of Section 541.051 nearly verbatim. *See* Exhibit 2.a.., p. 3; TEX. INS. CODE § 541.051. Plaintiff then conflates this claim with a violation of the Texas Deceptive Trade Practices Act ("DTPA") against all defendants without distinction. *See* Exhibit 2.a.., p. 4. Chapter 541 of the Texas Insurance Code regulates and prohibits unfair methods of competition and unfair or deceptive acts or practices in the insurance industry, with Section 051 pertaining to misrepresentations of the policy. TEX. INS. CODE §§ 541.001 and 541.051. To sustain a claim of misrepresentation, the plaintiff must show a specific misrepresentation by the individual. *Aspen Specialty Ins. Co. v. Muniz Eng'g, Inc.*, 514 F.Supp. 2d 972, 984 (S.D. Tex. 2007). Indeed, claims alleging violations of the Texas Insurance Code and the DTPA are subject to the requirements of Rule 9(b). *Atlantic Cas. Ins. Co. v. Primelending, a Plainscapital Co.*, 2016 WL 1322235, at *2-3 (N.D. Tex. Apr. 5, 2016), *citing Frith v. Guardian Life Ins. Co.*, 9 F.Supp. 2d 734, 742 (S.D. Tex. 1998). "Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud. At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as

the identity of the person making the misrepresentation and what he obtained thereby. *Atlantic Cas.*, 2016 WL 1322235, at *3.

Plaintiff fails to meet the pleading requirements as it does not state the particularized facts or specific allegations about Olivia's conduct regarding the policy. The original petition does not lay out the particulars of time, place, and contents of the false representations. *See* Exhibit 2.a. Rather, Plaintiff's entire basis for its misrepresentation claim against Olivia is premised on an email Olivia allegedly sent to a fellow Marsh employee, not to Plaintiff itself. *Id*. at 2. Plaintiff never alleges that Ms. Olivia made a statement to Finger Oil. *Id*. This singular threadbare allegation is not enough to make a presumption that Olivia misrepresented the benefits or advantages of the Mid-Continent policy. *See Ashcroft v. Iqbal*, 556 U.S. 662 67 (2009) (regarding facial plausible claims, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Since the petition fails to state claims against Olivia upon which relief may be granted, Olivia is an improperly joined party and should be dismissed. As such, this Court should disregard Olivia as a party to this lawsuit in regard to the diversity of Plaintiff.

**V.   Venue is Proper**

Venue in this district is proper under 28 U.S.C. §§ 124(d)(4) and 1446(a) because the Western District of Texas, San Antonio Division, encompasses Bexar County, Texas and is "the district and division embracing the place where such action is pending."

**VI.   Amount in Controversy**

Plaintiff alleges that it incurred $641,590.90 related to service on the well and seeks to recover from Mid-Continent the amount in excess of $1,000,000. *See* Exhibit 2.a., p. 3 & 5. Therefore, because the amount in controversy exceeds the $75,000 threshold required to invoke

this Court's jurisdiction, removal is proper. 28 U.S.C. § 1332(a); *see St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting the district court examines the complaint to determine whether it is facially apparent that the claim exceeds the jurisdictional minimum); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277 (1936) (holding allegation in pleading is sufficient to establish amount in controversy).

### VII. The Removal is Procedurally Correct

Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings available in the State Action are attached to this Notice. Attached hereto as Exhibit "1" is the Index of Matter Being Filed. A copy of the Bexar County Clerk's Docket Sheet and file for this case is attached as Exhibit "2.", which includes true and correct copies of pleadings and answers.

Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice of Removal, a true and correct copy will be filed with the Clerk of the Bexar County District Court, the state court from which this action was removed.

Marsh consents to this removal. Although consent of an improperly joined party is not necessary for removal, Olivia consents to removal.

### VIII. Relief Requested

This notice was filed timely. The amount in controversy exceeds $75,000. Complete diversity of citizenship exists as to Plaintiffs and the properly joined Defendants. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, the action is properly removed pursuant to 28 U.S.C. § 1441.

Defendant Mid-Continent Casualty Company respectfully requests that the United States District Court for the Western District of Texas, San Antonio Division, accept and file the Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

                                            Respectfully submitted,

By:  */s/ R. Brent Cooper*
      **R. BRENT COOPER, Attorney-In-Charge**
      Texas State Bar No. 04783250
      Brent.Cooper@cooperscully.com
      **ROBERT J. WITMEYER**
      Texas State Bar No. 24091174
      Robert.Witmeyer@cooperscully.com
      **AARON G. STENDELL**
      Texas State Bar No. 24073062
      Aaron.Stendell@cooperscully.com

      **COOPER & SCULLY, P.C.**
      900 Jackson Street, Suite 100
      Dallas, Texas 75202
      Telephone:  (214) 712-9500
      Telecopy:  (214) 712-9540

      **ATTORNEYS FOR DEFENDANT,**
      **MID-CONTINENT CASUALTY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2020, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court for the Western District of Texas, using the electronic filing system of the court.

                                      */s/ R. Brent Cooper*
                                      **R. BRENT COOPER**