UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **FINGER OIL & GAS, INC.,** | § § | |
| *Plaintiff*, | § § | Civil Action No. SA-20-CV-0712-XR |
| v. | § § | |
| **MID-CONTINENT CASUALTY CO., ET AL.** | § § § § | |
| *Defendants.* | | |

**ORDER**

On this day, the Court considered Plaintiff's Motion to Remand (docket no. 8) and the response in opposition thereto. The issue is whether non-diverse party Karen Olivia is improperly joined. After careful consideration, the Court will deny the motion.

Plaintiff Finger Oil & Gas Company filed this action in state court against Mid-Continent Casualty Company, Marsh USA, Inc., and Karen Olivia. Mid-Continent filed a notice of removal, alleging diversity jurisdiction insofar as it and Marsh are diverse from Plaintiff, and arguing that non-diverse defendant Karen Olivia is improperly joined such that her citizenship may be disregarded. Plaintiff has moved to remand, contending that Olivia is not improperly joined.

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir.1988). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that a non-diverse defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a

1

removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). A plaintiff cannot establish a cause of action against a defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the defendant. *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder; in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573; *see also Gray v. Beverly Enterprises-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) ("the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery").

Plaintiff's petition alleges that one of its oil wells blew out and that it contacted Desiree Scrimger, the commercial lines account manager with Marsh, Plaintiff's insurance agent. Scrimger allegedly advised Shelli Finger and others that blowout and cratering were included within the limit of insurance of $1,000,000 and sent an email from the underwriter, Karen Olivia, confirming the coverage. Plaintiff alleges that, based on that representation, costs were incurred for services totaling approximately $641,000. However, Mid-Continent later issued reservation of rights letters and denied coverage. Plaintiff sues Mid-Continent, Marsh, and Olivia under Texas Insurance Code § 541.051 for misrepresentation of the benefits or advantages of the insurance policy in question, as well as violations of the DTPA § 17.46(b) for representing that

the policy coverage had characteristics it did not have, representing the policy conferred or involved rights, remedies, or obligations that it did not have, and breaching the duty of good faith and fair dealing.

In its motion to remand, Plaintiff contends that adjusters may be liable under Chapter 541 and the DTPA for misrepresentations, and asserts that it has sufficiently stated a claim to show that Olivia is not improperly joined. In response, Defendant attacks the factual bases for Plaintiff's claims. Defendant notes that Plaintiff did not attach an email from Olivia to its petition. Defendant further disputes Plaintiff's allegation that Olivia is an "underwriter for [Marsh] Wortham," stating that Olivia is a claims representative and has never been an underwriter, adjuster, or an insurance agent for Marsh. Defendant contends that Olivia's only involvement in Plaintiff's claim was when Finger contacted Marsh on July 11, 2019, and conferred with Olivia regarding the well blowout and asked for information for an approved vendor. Olivia filled out a notice of occurrence/claim and forwarded the information to the carrier, Mid-Continent, but did not provide Plaintiff any information regarding coverage under the Policy and was not involved in Mid-Continent's coverage decision. Defendant asserts that, other than the July 11, 2019 telephone conversation, Olivia had no direct contact with Plaintiff.

Defendant asks the Court to pierce the pleadings and conduct a summary inquiry to make the improper joinder determination. Such a procedure is appropriate to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *Smallwood*, 385 F.3d at 573-74.[1] "For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the

---

[1] However, the Court must "take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non[-]diverse defendant." *Davidson v. Georgia-Pac. LLC*, 819 F.3d 758, 765 (5th Cir. 2016) (*quoting McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004)). An absence of proof by the plaintiff is not alone sufficient for establish improper joinder.

plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id.* at 574 n.12. In such case, the defendant may submit affidavits to establish proof of discrete facts, *see Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 311 (5th Cir. 2005), and Defendant has done so.

Defendant contends that the evidence shows that Plaintiff's allegation about an email from Olivia confirming coverage is demonstrably false, as Olivia was not the author of the email, did not have any written or oral communications with Scrimger or Plaintiff about coverage, and did not make any representations to Plaintiff regarding coverage. The email provided is from Desiree Scrimger to Shelli Finger and states only, "Per the underwriter regarding coverage, the Blowout and Cratering are included within the limit of insurance. Limits are $1M occurrence /$2M aggregate." Olivia is not a party to the email and is not referenced in the email.

Further, Olivia's affidavit states that she has never worked as an adjuster, underwriter, or agent for Marsh Wortham, and that she filled out a Notice of Occurrence/Claim, forwarded it to the carrier Mid-Continent, and did not provide any information regarding the coverage or application of the policy, nor was she involved in the decision regarding coverage. Plaintiff has not provided any affidavits or evidence to contradict Defendant's evidence.

The Court must decide if the evidence demonstrates that Plaintiff has no possibility of recovery against Olivia. *Cumpian v. Alcoa Word Alumina, LLC*, 910 F.3d 216, 220 (5th Cir. 2018). Defendant has provided uncontroverted evidence that Olivia did not make any representations about coverage or about the benefits or characteristics of the policy, and thus the Court finds that there is no possibility of recovery against Olivia because Defendant has negated the existence of any misrepresentation by Olivia necessary for liability.

## Conclusion

Plaintiff's motion to remand (docket no. 8) is DENIED. The Court finds that Karen Olivia is improperly joined and therefore DISMISSES all claims against Karen Olivia WITHOUT PREJUDICE for lack of subject matter jurisdiction.

SIGNED August 5, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE